O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DRATTON SORRELLS,<br>　　　　　Petitioner,<br>　v.<br>MARION SPEARMAN, Warden,<br>　　　　　Respondent. | Case No. LA CV 15-8334 SJO (JCG)<br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

　　　In his Objections, Petitioner challenges the Magistrate Judge's conclusion that his Petition is untimely, and argues that he is entitled to roughly thirteen months of equitable tolling. (Objections at 8.)

　　　Preliminarily, the Court observes that Petitioner's Objections identify two state habeas petitions that Petitioner failed to mention in his Petition, one of which affects his AEDPA limitation period. First, Petitioner represents that he filed a petition in Los

1

Angeles County Superior Court ("Superior Court Petition") on April 15, 2014.[1] (*Id.* at 6.) The Superior Court Petition was denied on June 2, 2014. (*Id.*) As such, Petitioner is entitled to 49 days of statutory tolling, effectively extending Petitioner's one-year limitation period until **October 8, 2014**. *See* 28 U.S.C. § 2244(d)(2). Second, Petitioner represents that he filed a petition in the California Court of Appeal ("Appellate Court Petition") on January 13, 2015. (Objections at 6.) The Appellate Court Petition was denied on February 19, 2015. (*Id.*) Because it was filed after Petitioner's limitation period had expired, the Appellate Court Petition did not toll the limitation period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

In his Objections, Petitioner claims that, in June 2013, he retained attorney Marc Norton ("Attorney Norton") to file a habeas petition in Los Angeles County Superior Court. (*Id.* at 4, 6.) According to Petitioner, notwithstanding Attorney Norton's assurance that the petition "would be filed right away," the attorney "spent many months doing nothing and arguably did nothing in the end . . . ." (*Id.* at 5, 7.) Petitioner contends that Attorney Norton's "egregious behavior" amounts to "an extraordinary set of events that entitle [Petitioner] to equitable tolling of the [AEDPA limitation period]." (*Id.* at 7-8.)

Generally, a petitioner who seeks equitable tolling of AEDPA's 1-year limitation period must show that (1) some "extraordinary circumstance" prevented him from filing on time, and (2) he has diligently pursued his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Here, the Court finds that Petitioner's untimely Petition is not saved by equitable tolling, for three reasons.

//

---

[1] Although Petitioner claims that he filed the Superior Court Petition on April 15, 2014, the Superior Court's decision identifies April <u>25</u>, 2014, as the relevant filing date. (*See* Objections, Ex. L.) Nevertheless, for the purpose of calculating the applicable statutory tolling period, the Court assumes Petitioner's representation to be accurate.

First, Attorney Norton's purported delay in filing the Superior Court Petition did not prevent Petitioner from filing a timely federal habeas petition. *See Holland*, 560 U.S. at 649. Importantly, as of June 2, 2014, when the Superior Court Petition was denied, more than *four months* remained of Petitioner's AEDPA limitation period. *Compare Luna v. Kernan*, 784 F.3d 640, 649 (9th Cir. 2015) (finding "causation" element satisfied where petitioner's attorney filed federal petition more than six years after limitation period had expired). Indeed, more than *three months* remained as of July 1, 2014, when Petitioner retained his current counsel, Mr. John Olin ("Attorney Olin").[2] (*See* Objections at 6.) Petitioner claims that Attorney Olin spent that period "undertak[ing] a thorough investigation of . . . potential witnesses." (*Id.* at 7.) Be that as it may, the Court is not persuaded that any investigation-related delay prompted by Attorney Olin may properly be attributed to Attorney Norton. As such, the Court concludes that Attorney Norton's purported misconduct did not prevent Petitioner from filing a timely federal habeas petition. *See Holland*, 560 U.S. at 649.

Second, Petitioner fails to show that he diligently pursued his rights. *See id.* Significantly, in the Ninth Circuit, a petitioner must "show diligence through the time of filing, even after the extraordinary circumstances have ended." *Luna*, 784 F.3d at 651. Here, most notably, Petitioner fails to account for his evident inaction between May 20, 2015, when the California Supreme Court denied his final state habeas petition, and October 26, 2015, when Petitioner finally filed the instant Petition. (*See* Objections at 6.) As such, Petitioner has failed to demonstrate that he pursued his rights with the requisite diligence, thus rendering the application of the equitable tolling doctrine inappropriate here. *See Holland*, 560 U.S. at 649.

---

[2] Curiously, Petitioner's Objections present two conflicting dates as to when Petitioner retained Attorney Olin. In a table summarizing the "relevant dates of case activity," Petitioner represents that "Current Counsel John P. Olin [was] Retained by Petitioner [on] July 1, 2014." (Objections at 6.) Elsewhere, Petitioner states that he retained Attorney Olin in December 2014. (*Id.* at 5; Ex. M.) Given Petitioner's repeated assertion that Attorney Olin undertook a five-month investigation before filing the Appellate Court Petition in January 2015 (*see* Objections at 6, 7, 8), the Court credits July 1, 2014, as the relevant date.

1       Third, and finally, the Court observes that even if Petitioner *were* granted
2 equitable tolling on the grounds that Attorney Norton was dilatory in filing the
3 Superior Court Petition, the instant Petition would *still* be untimely. In that scenario,
4 Petitioner's limitation period would have run for **224 days** between the date his
5 Superior Court Petition was denied (June 2, 2014) and the date Petitioner filed his
6 Appellate Court Petition (January 13, 2015), and then for another **141 days** following
7 the California Supreme Court's denial of his final state habeas petition on May 20,
8 2015.³ (*See* Objections at 6.) Thus, even in this hypothetical scenario, Petitioner
9 would have had until **October 8, 2015** – *i.e.*, 141 days after the California Supreme
10 Court's ruling on May 20, 2015 – to file a federal habeas petition. *See* 28 U.S.C.
11 § 2244(d). Inexplicably, however, Petitioner did not file the Petition until October 26,
12 2015 – more than two weeks later. (*See* Objections at 6.)
13       As such, under any analysis, the Petition is untimely.
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //

---

³   Petitioner contends that he should receive an additional five months of equitable tolling for the period that Attorney Olin spent "investigat[ing] . . . potential witnesses," on the grounds that "[t]he investigation undertaken by Attorney Olin should have been done before trial . . . ." (Objections at 7-8.) However, "*[a]ll* prisoners who raise fact-based habeas claims must undertake, to some extent, an investigation into . . . the available facts that support their claims." *Frize v. Marshall*, 2008 WL 4861521, at *6 (C.D. Cal. Oct. 30, 2008) (emphasis added). Thus, Attorney Olin's investigation is not an "extraordinary circumstance," and does not warrant the application of equitable tolling. *See Perdigone v. Davis*, 584 F. App'x 850, 851 (9th Cir. 2014) (finding that difficulty of investigating claims did not constitute an extraordinary circumstance that prevented timely filing).

4

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;

2. Judgment is entered denying the Petition and dismissing this action with prejudice; and

3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth in the Report and Recommendation and above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; *and* (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

DATED: January 14, 2016.

_____
HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE